UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DARIUS WHITING, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6: 17-161-GFVT |
| v. | ) ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) ) | **&** |
| Respondent. | ) ) ) | **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Darius Terrell Whiting has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 11.] This matter is before the Court to conduct an initial screening of his petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In November 2006, a grand jury in Cedar Rapids, Iowa issued a nine-count indictment charging Whiting with numerous drug trafficking, firearms, fraud, and money laundering offenses. On the eve of trial, Whiting agreed to plead guilty, without an agreement, to three of the charges in exchange for the dismissal of the remainder. In August 2007, the trial court sentenced Whiting to life imprisonment for conspiracy to manufacture and possess more than 50 grams of crack cocaine within 1000 feet of a playground in violation of 21 U.S.C. § 846. It further sentenced him to a concurrent 240-month sentence for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1), (h), and to a consecutive 60-month sentence for possession of a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c). *United States v. Whiting*, No. 1: 06-CR-145-LRR-1 (N.D. Iowa 2006).

At the sentencing hearing, Whiting admitted that he had previously been convicted of two felony drug offenses in Illinois. Because his federal conviction under 21 U.S.C. § 846 came "after two or more prior convictions for a felony drug offense have become final," federal law required that he be sentenced to a mandatory minimum of life imprisonment. 21 U.S.C. § 841(b)(1)(A). On direct appeal, Whiting argued that this sentence violated the Eighth Amendment's prohibition against "Cruel and Unusual Punishments," a claim the Eighth Circuit rejected. *United States v. Whiting*, No. 07-2935 (8th Cir. 2007).

In his petition, Whiting expresses his belief that his drug conspiracy sentence was enhanced pursuant to the career offender provision under the sentencing guidelines, U.S.S.G. §4B1.1(a), and that following the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) his prior drug convictions no longer qualify as valid predicates to enhance his sentence. [R. 1 at 3-4; R. 5 at 1-2.] Because Whiting's claim under *Mathis* may not be pursued in a § 2241 petition and because that decision does not apply to the enhancement of his sentence, his petition must be denied.

A federal prisoner challenging the legality of his federal conviction or sentence must generally do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The savings clause of § 2255(e) provides a narrow exception this rule. To properly invoke it, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-

2

interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

The strict requirements to meet this test apply with particular force to challenges to the petitioner's sentence, as opposed to his conviction. In this circuit, to challenge the enhancement of a sentence in a § 2241 petition (1) the petitioner's sentence must have been imposed when the Sentencing Guidelines were mandatory prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner must have been foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Whiting's claim fails to satisfy at least the first and third requirements. Whiting was sentenced in August 2007, two and a half years after *Booker* rendered the sentencing guidelines advisory rather than mandatory. And the Supreme Court's decision in *Mathis* is not retroactively applicable to cases on collateral review. The Supreme Court itself made this abundantly clear, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re:*

*Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Whiting's claim therefore falls outside the scope of the savings clause, and is not cognizable in a § 2241 petition.

Even if Whiting could assert his claim in this proceeding, it is without merit. While Whiting points to the *Mathis* decision as a basis for relief, his claim is not actually based upon it. In *Mathis*, the Supreme Court reminded courts that for purposes of determining whether to apply the career offender enhancement found in 18 U.S.C. § 924(e)(1), a statute defining a predicate offense is divisible (thus permitting review of extrinsic materials under *Shepard*) only when it defines multiple offenses, not when it merely describes alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2248-50.

As noted above, Whiting is under the impression that the sentence imposed under § 846 was enhanced under the career offender provision found in the sentencing guidelines, U.S.S.G. § 4B1.1(a). It was not. Instead, his sentence was increased because he had two or more prior convictions for "felony drug offenses" pursuant to 21 U.S.C. § 841(b)(1)(A). While *Mathis* does apply to sentence enhancements under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1(a), it does not address or relate to sentence enhancements under § 841(b)(1)(A). To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added).

By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913,

4

932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis involved in cases governed by *Mathis* is simply not relevant to Whiting's circumstances.

Whiting's petition thus fails to establish a basis for habeas relief. Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Accordingly, it is hereby **ORDERED** as follows:

1. Whiting's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as supplemented [R. 1, 5] is **DENIED**;

2. The Court will enter a corresponding Judgment; and

3. This action is **STRICKEN** from the active docket of the Court.

This the 2nd day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge